the car." As the evidence showed that the seats of the car were filled, and persons were standing up, it became material to know with more particularity than is disclosed by the evidence just where the alleged notice was, in order that the jury could say whether or not it was a notice to the plaintiff, or should be considered as such. It does not appear that, with the seats filled, the alleged notice was visible, and a guess is not permissible.

The refusal to charge defendant's request "that, proof having been given that the notice required by the general railroad act was posted in the car on which the accident to the plaintiff happened, and that plaintiff was riding upon the front platform and was upon the step of the car when injured," etc., was not error, as the defendant had not pleaded the facts which would entitle it to the exemption which it claims that the act in question allows. The evidence required the submission of the questions of negligence and contributory negligence to the jury.

Upon the whole case the judgment should be affirmed, with costs.

---

### RICHMOND et al. v. WOOLFOLK.

(Superior Court of New York City, General Term. January 3, 1893.)

PLEADING—BILL OF PARTICULARS.

In an action by brokers for commissions claimed to have been earned by procuring a satisfactory purchaser for bonds which defendant had employed plaintiffs to sell, plaintiffs will not be required to furnish a bill of particulars, specifying the name of the purchaser, and how and when plaintiffs notified defendant that a purchaser had been procured, as it would call for a disclosure of evidence which plaintiffs are entitled to retain until the trial.

Appeal from special term,

Action by Herbert Richmond and others against Joseph A. Woolfolk to recover brokers' commissions. From an order denying a motion to require plaintiffs to furnish a bill of particulars, defendant appeals. Affirmed.

The opinion of GILDERSLEEVE, J., at special term, is as follows:

The plaintiffs are brokers, and this action is brought to recover commissions earned, as the plaintiffs claim, by procuring a satisfactory purchaser for the bonds the defendant had employed plaintiffs to sell. This motion is for a bill of particulars specifying the name of the purchaser, and how and when the plaintiffs notified the defendant that a purchaser had been procured. The defendant is not entitled to a bill of particulars in this case, as a matter of right. The court has the power to—and might, in its discretion—order the plaintiffs to furnish the bill of particulars the defendant seeks. The papers, however, fail to disclose a condition that warrants the court in exercising its discretion in favor of the defendant. The allegations of the complaint are clear, comprehensive, and, we believe, sufficiently specific. The defendant is fully informed of the matters which plaintiffs must establish in order to succeed on the trial. The allegations of the complaint seem to be such as are usually set up in actions of this class. Plaintiffs cannot succeed unless they establish affirmatively that a purchaser was secured who was able, ready, and willing to purchase the bonds within the time prescribed by the contract in respect thereto that was entered into between the plaintiffs and the defend-

ant. Proof tending to establish these positions the defendant can meet without a bill of particulars of the character called for. It might be a great hardship to the plaintiffs to hold them down upon the trial to a bill of particulars, and work a grave injustice. The demand for a bill of particulars herein seems to call for a disclosure of evidence which plaintiffs are entitled to retain until the trial. The nature of plaintiffs' claim fully appears, and we are of opinion that it would not be proper to use the discretion of the court to require the plaintiffs to more fully advise the defendant of the proofs that will be offered upon the trial.

Argued before FREEDMAN and McADAM, JJ.

Sullivan & Cromwell, (Edward B. Hill, of counsel,) for appellant. Henry C. Andrews, for respondents.

PER CURIAM. The order should be affirmed, with $10 costs and disbursements, on the opinion of the special term.

---

HOPPER v. ERSLEV et al.

(Superior Court of New York City, General Term. April 3, 1893.)

DEMURRER—OVERRULING AS FRIVOLOUS.
    A complaint alleged that, after plaintiff had filed a mechanic's lien against certain property, defendant gave an undertaking for the discharge of any judgment that might be rendered against the property in proceedings to enforce the lien; that the notice of lien was canceled; that judgment was subsequently rendered against the property, in plaintiff's favor, for $1,476.21; and that no part thereof had been paid. Held that, since the complaint failed to state the amount of the undertaking, the person to whom it was made, the court wherein the judgment was obtained, and that it was duly rendered, a demurrer was not so clearly bad as to warrant its being overruled as frivolous.

Appeal from special term.
    Action by John J. Hopper against Conrad Muller, Jr., Anna Hauff, Victor P. P. Erslev, and Edwin S. Updike, Sr., on a bond. From an order overruling as frivolous a demurrer to the complaint, defendants Erslev and Updike appeal. Reversed.

    The complaint alleges as follows: "(1) That on or about March 28, 1891, the plaintiff filed in the office of the clerk of the city and county of New York a notice of lien, pursuant to the provisions of chapter 342, Laws of 1855 of the state of New York, and its amendments, wherein he claimed a lien to the amount of $973.50 for materials furnished by him, and which were used in the erection of the buildings upon the following described premises, [describing the same.] (2) That on or about April 2, 1891, the defendants executed and filed with the clerk of the court of common pleas for the city and county of New York an undertaking to discharge said lien of record, which recited the filing of said lien, and was conditioned that if the said defendants Anna Hauff, Conrad Muller, Jr., or their legal representatives, should well and truly pay any judgment that might be rendered against said property in any proceeding to enforce the aforesaid lien, then said obligation to be void; otherwise, to remain in full force and virtue. (3) That said undertaking was thereafter duly approved, and said notice of lien canceled and discharged of record, pursuant to an order granted at a special term of the court of common pleas for the city and county of New York. (4) That thereafter, and on or about September 30, 1892, in a proceeding or action brought by plaintiff to enforce said lien, judgment was rendered and entered against said property, in favor of the plaintiff, for the sum of $1,476.21. (5) That a copy of said